# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**CASE NO:**

HENRY JACKSON, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

    v.

MAYBERRY, INC. d/b/a
FIFTH QUARTER & PRESS
ROOM EATERY, and STEVE
NEMITZ, individually,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, HENRY JACKSON ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files his Complaint for Damages and Demand for Jury Trial against Defendants, MAYBERRY, INC. d/b/a FIFTH QUARTER & PRESS ROOM EATERY ("FIFTH QUARTER"), and STEVE NEMITZ ("NEMITZ") individually, (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

## INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendants' violations of the FLSA against this Plaintiff, and all other employees similarly situated, during the course of their employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Cook County, Illinois, over the age of 18 years, and otherwise *sui juris*.

3. Defendant, FIFTH QUARTER, is an Illinois corporation, founded in, and authorized to do business in the State of Illinois, with a principal place of business in Homewood, Illinois, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, NEMITZ, was over the age of 18 years, President, owner, and operator of FIFTH QUARTER, and was vested with the authority to hire, fire, and discipline, any and all FIFTH QUARTER employees, including Plaintiff. Furthermore, during all times material hereto, Defendant, NEMITZ, determined, approved, and administered the payroll practices for FIFTH QUARTER, including the issuance of payment for Plaintiff and all similarly situated employees.

5. Defendant, NEMITZ, was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein. NEMITZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

6. During all times pertinent hereto, Plaintiff was dependent upon Defendants, FIFTH QUARTER and NEMITZ, for his employment, as these Defendants collectively supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of their business objectives.

**JURISDICTION AND VENUE**

7. All acts and omissions giving rise to this dispute took place within Cook County, Illinois, within the jurisdiction of this Honorable Court.

8. Jurisdiction is proper within the Northern District of Illinois pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is proper within the Northern District of Illinois pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant, FIFTH QUARTER, is sports bar and restaurant serving traditional American comfort food in Cook County, Illinois, and was founded by Defendant, NEMITZ.

11. During all times material hereto, FIFTH QUARTER was covered under the FLSA through enterprise coverage, as FIFTH QUARTER was engaged in interstate commerce during all time periods in which Plaintiff, and all similarly situated individuals, were employed. More specifically, during all times material hereto, FIFTH QUARTER'S business and Plaintiff's work for FIFTH QUARTER'S benefit affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, FIFTH QUARTER, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

12. During his employment with Defendant, FIFTH QUARTER, Plaintiff, and other employees similarly situated, regularly handled goods and/or materials on a constant and/or continuous basis that have moved through interstate commerce, including, but not limited to the following: silverware, napkins, plates, food, coffee, cups, phones, condiments, beverages, cheese, sausage, hamburgers, corned beef, salad dressing, calzones, spinach, blue cheese, chicken, , and other restaurant related items.

13. Defendant, FIFTH QUARTER, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, FIFTH QUARTER'S business an enterprise covered by the FLSA.

14. Upon information and belief, Defendant, FIFTH QUARTER, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and on information and belief, is expected to gross in excess of $500,000.00 in 2020.

15. During all material times hereto, Plaintiff was a non-exempt employee of Defendants FIFTH QUARTER, and NEMTIZ, within the meaning of the FLSA.

16. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of FIFTH QUARTER; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

17. In 2005, Plaintiff began working for Defendants as an hourly, non-exempt employee as a broiler cook at the Defendants' restaurant.

18. Plaintiff was employed by Defendants through on or about March 16, 2020.

19. Plaintiff, and all others similarly situated, were economically dependent upon Defendants, FIFTH QUARTER, and NEMTIZ, for his work and were subject to the control of these Defendants during all pertinent time periods of her employment.

20. During Plaintiff's employment, Plaintiff worked an average of fifty to fifty-six (50-56) hours per week.

21. For *at least* the past three (3) years, Defendants compensated Plaintiff at a flat rate of ten dollars ($10.00) per hour.

22. Defendants failed to compensate Plaintiff at or above the required federal overtime wage requirements in workweeks in which Plaintiff worked more than forty (40) hours.

23. The wage violations committed by Defendants were willful and/or intentional, as Defendants knew of the minimum wage requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

24. On information and belief, Defendants failed to properly maintain records of hours actually worked by Plaintiff, and other similarly situated employees.

25. Defendants, FIFTH QUARTER and NEMITZ, hired Plaintiff to work, controlled the hours worked and responsibilities and duties performed by Plaintiff, and are jointly and severally liable for the FLSA violations alleged herein.

26. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

27. Plaintiff re-alleges and re-avers Paragraphs 1 through 26 as though set forth fully herein.

28. Plaintiff alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b).*

29. Plaintiff is entitled to recover federal overtime wages in the amount of at least $15.00 per hour for all hours worked above forty (40) per week.

30. Accordingly, Plaintiff claims these federal overtime wages during his entire period of employment with Defendants during the past three (3) years.

31. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the minimum wage

requirements of the Fair Labor Standards Act and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

32. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, HENRY JACKSON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, MAYBERRY, INC. d/b/a FIFTH QUARTER & PRESS ROOM EATERY and STEVE NEMITZ, and award Plaintiff: (a) double overtime wages as provided by the FLSA to be paid by the Defendants, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, HENRY JACKSON, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 29th day of May, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
jordan@jordanrichardspllc.com
melissa@jordanricharsdspllc.com
jake@jordanrichardspllc.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 29th day of May, 2020.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Illinois Bar No. 6328923

**SERVICE LIST:**